125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Edward SMITH, Plaintiff-Appellant,
v.
Bert BELL/Pete Rozelle NFL Player Retirement Plan, et al.,
Defendants-Appellees.
 No. 96-56494.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 9, 1997.[2]
Decided Oct. 7, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-1043; William D. Keller, District Judge, Presiding.
 
 
 2
 Before PREGERSON and HAWKINS Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Lawrence Edward Smith appeals from an order by the district court granting summary judgment in favor of defendants on his claims pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. We review the district court's summary judgment order de novo. Saffle v. Sierra Pacific Power Co., 85 F.3d 455, 458 (9th Cir.1996). We affirm.
 
 
 4
 The facts of the case are known to the parties and will not be repeated here except as required to flesh out our discussion. Smith first argues the district court erred when it applied a deferential standard of review to the decision of the Board of Trustees of the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the Board) denying Smith's claims for disability benefits. This argument is without merit. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (1989), the Supreme Court held that a denial of benefits "... is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115 (emphasis added). Where such discretion is given, the district court reviews challenges to denial of benefits under an abuse of discretion standard. Canseco v. Construction Laborers Pension Trust for Southern California, 93 F.3d 600, 605 (9th Cir.1996), cert denied, 117 S.Ct. 1250 (1997); Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996). Smith concedes that the Board had this discretionary authority. The district court was correct when it reviewed the Board's findings for an abuse of discretion.
 
 
 5
 Smith next argues that the Board should have determined that the onset date of his disability was August 30, 1977, the date of his career ending football injury, rather than January 1, 1985. He asserts the Board's choice of onset date was not supported by the record and thus was arbitrary and capricious. The record does not support this assertion. The Board's record of Smith's medical history included reports from treating and examining physicians indicating that Smith was not totally and permanently disabled as late as 1983. While one of these physicians later amended his determination to indicate that Smith had been disabled since 1977, this conclusion was unsupported by medical data. In addition, Smith's employment history indicated he found work as an actor and talent agent from the time he left professional football in 1977 through 1984. Based upon the information of record, the Board's choice of January 1, 1985 as Smith's onset date was not an abuse of its discretion under the terms of the Plan.
 
 
 6
 Next, Smith challenges the Board's determination of his disability status. Under the definitions set forth in the Plan, Smith's injury was deemed by the Board to be "Football Degenerative", rather than "Active Football", resulting in reduced disability benefits. This categorization was supported by the record and, hence, not an abuse of the Board's discretion.
 
 
 7
 The Plan defines "Active Football" as, "[a] disability(ies) [that] results from League football activities, arises while the Player is an Active Player, and causes the Player to be totally and permanently disabled 'shortly after' the disability(ies) first arises."[4] The Plan defines "shortly after" as follows:
 
 
 8
 A Player who becomes totally and permanently disabled no later than six months after a disability(ies) first arises will be conclusively deemed to have become totally permanently disabled "shortly after" the disability(ies) first arises, as that phrase is used in subsections (a) and (b) above, and a Player who becomes totally and permanently disabled more than 12 months after a disability(ies) first arises will be conclusively deemed not to have become totally and permanently disabled "shortly after" the disability(ies) first arises, as that phrase is used in subsections (a) and (b) above.
 
 
 9
 1993 Collective Bargaining Agreement, § 5.1. Based on its determination of the onset date of Smith's injury, the Board rejected Smith's claim that his injury should be classified as "Active Football" under Section 5.1. Since it did not abuse its discretion when it determined the onset date of the injury was January 1, 1985--beyond the twelve month limit of the "shortly after" clause--it follows that the Board also did not abuse its discretion when it refused to classify Smith's injury as "Active Football".
 
 
 10
 Finally, Smith asserts the district court erred when it entered summary judgment on his ERISA procedural due process claims. While the district court agreed that the Plan violated section 503 of ERISA, 29 U.S.C. § 1133, when it waited until August, 1984 to notify Smith of its decision in December, 1983 denying his first disability benefits claim,[5] it concluded the procedural error caused no substantive harm. We find no error in this determination.
 
 
 11
 Ordinarily, procedural violations of ERISA do not entitle a beneficiary to a substantive remedy. Blau v. Del Monte Corp., 748 F.2d 1348, 1353 (9th Cir.1984); citing Wolfe v. J.C. Penny Co., Inc., 710 F.2d 388, 393 (7th Cir.1983). The violation here did not change the final result of Smith's case before the Board, which ultimately determined that his disability began January 1, 1985. Its failure to timely notify Smith that he was not disabled in 1983 appears to be the archetypical procedural violation that requires no substantive remedy. If he did not become disabled until 1985, timely notification that he was not disabled in 1983 would not have affected the ultimate resolution of his 1983 claim. Although the Plan committed an ERISA notification violation, the error was insignificant and had no impact on the final decision.
 
 
 12
 Smith also asserted that the delay in deciding his claim was an ERISA violation. Smith's 1991 application for benefits took almost four years to decide. A de novo review of the record reflects this delay was not unreasonable. Many of the Board's decisions were postponed in order to give Smith time to submit additional medical and employment information to support his contention that he became totally and permanently disabled in 1977. The record reflects that Smith was partially responsible for the delay because he was tardy in submitting information. Also, Smith's claim had to be reviewed again after a new collective bargaining agreement changed some of the definitions used by the Board to determine eligibility for benefits.
 
 
 13
 Finally, Smith contends the Board's July 7, 1994 written notice regarding the onset date violated ERISA because it did not give specific reasons for the decision. ERISA § 503(1), 29 U.S.C. § 1133(1), required the Plan to give Smith adequate notice in writing of the denial of his claim, and to state the specific reasons for the denial. Madden v. ITT Long Term Disability Plan, 914 F.2d 1279, 1286 (9th Cir.1990). A de novo review of the record does not support Smith's argument that the notice was inadequate.
 
 
 14
 The Plan listed the reasons why benefits were denied for each year from 1978 through 1984. The letter also contained an explanation of the conclusion that Smith's injury was "Football Degenerative." This detailed, specific, eight page letter informed Smith of the precise reasons his request for reconsideration of the "Football Degenerative" classification was denied and the reasons the effective date was set as January 1, 1985. Thus, it satisfied the requirements of ERISA § 1133(1).
 
 
 15
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 The Plan defines "Football Degenerative" as, "[a] disability(ies) [that] arises out of League football activities, and results in total and permanent disability before the latter of (1) age 45, or (2) 12 years after the end of the Player's last Credited Season."
 
 
 [5]
 Smith filed his initial claim in July 1983. He filed a second claim in August 1991